**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2098
_____

JOSEPH L. AGOSTINI,
Individually and as co-executor of the estate of Jordyn
Agostini, Deceased;
SUELLEN AGOSTINI,
Individually and as co-executor of the estate of Jordyn
Agostini, Deceased;
DOUGLAS J. HENEGAR,
Individually and as natural father of Kyle Henegar, Deceased;
SHARON K. HENEGAR,
Individually and as administratrix of the estate of Kyle
Henegar, Deceased;
DOUGLAS J. HENEGAR,
Individually and as natural father of Kristopher Henegar,
Deceased;
SHARON K. HENEGAR,
Individually and as administratrix of the estate of Kristopher
Henegar, Deceased

v.

PIPER AIRCRAFT CORPORATION; AVSTAR FUEL
SYSTEMS;
LYCOMING, a/k/a Lycoming Engines,
a/k/a Textron Lycoming Reciprocating Engine Division;

AVCO CORPORATION; TEXTRON, INC.; DUKES
AEROSPACE, INC.;
FLORIDA INSTITUTE OF TECHNOLOGY; F.I.T.
AVIATION, LLC

Avco Corporation and Textron, Inc.,
Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 02-11-cv-07172
District Judge: The Honorable Mary A. McLaughlin

Before: SMITH, CHAGARES, and SCIRICA, <u>Circuit Judges</u>.

(Filed: September 5, 2013)

James E. Robinson, Esq.
Catherine B. Slavin, Esq.
Sara A. Frey, Esq.
Gordon & Rees
2005 Market Street
Suite 2900
Philadelphia, PA 19103
        <u>Counsel for Appellants</u>


Bradley J. Stoll, Esq.
The Wolk Law Firm
1710-12 Locust Street
Philadelphia, PA 19103-0000

J. Denny Shupe, Esq.
Schnader Harrison Segal & Lewis
1600 Market Street
Suite 3600
Philadelphia, PA 19103

Robert J. Williams
Schnader Harrison Segal & Lewis
120 Fifth Avenue
2700 Fifth Avenue Place
Pittsburgh, PA 15222

Counsel for Appellees

_____

OPINION
_____

CHAGARES, Circuit Judge.

This motion to dismiss requires us to consider whether we have jurisdiction to review a district court's denial of a motion for reconsideration when the order to be reconsidered is a remand to state court for lack of subject-matter jurisdiction. For the reasons that follow, we hold that although the District Court had jurisdiction to rule on the motion to reconsider the remand order in this particular instance, this Court has no jurisdiction to review the District Court's ruling on the motion for reconsideration. Accordingly, we will grant the motion to dismiss the instant appeal.

## I.

On November 11, 2010, an airplane crashed in West Palm Beach, Florida, resulting in the death of the pilot and three passengers. Personal representatives for the estates of the deceased pilot and two deceased passengers (collectively, the "plaintiffs") filed suit in the Court of Common Pleas of Philadelphia County in November 2011, asserting state law claims against Textron, Inc., AVCO Corporation, and other corporate entities (collectively, the "defendants"). Textron removed the case to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1441, asserting diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiffs moved to remand the matter to state court, arguing that AVCO is a citizen of Pennsylvania, and therefore not diverse from all plaintiffs.

Based on the documents submitted by the plaintiffs, the District Court granted the plaintiffs' motion on February 29, 2012 and ordered that the case be remanded to Pennsylvania state court. AVCO moved for reconsideration of the remand order on March 13, 2012, arguing that the District Court improperly granted the motion to remand on the basis of unsubstantiated argument, unauthenticated documents, and facts outside the record that had not been established by affidavit or testimony. Citing the standard governing motions for reconsideration, the District Court determined that it had not clearly erred in granting the plaintiffs' motion to remand and therefore denied AVCO's motion for reconsideration on March 15, 2012. A certified copy of the District Court's February 29, 2012 remand order

was mailed to the state court on March 20, 2012. The notice of appeal was filed on April 16, 2012.

## II.

We begin by examining whether we have jurisdiction to consider this appeal. 28 U.S.C. § 1447(d) provides, in relevant part: "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." The plain text of § 1447(d) clearly bars our review of the District Court's February 29, 2012 remand order. Indeed, in Quackenbush v. Allstate Insurance Company, the United States Supreme Court underscored that "only remands based on grounds specified in § 1447(c)" — namely, remand orders based on the lack of subject-matter jurisdiction, like the remand order here — "are immune from review under § 1447(d)." 517 U.S. 706, 712 (1996) (quotation marks omitted); see also 28 U.S.C. § 1447(c). Textron and AVCO (together, the "Lycoming defendants") acknowledge — as they must — that we do not have jurisdiction to review the District Court's remand order. Nevertheless, the Lycoming defendants maintain that we have appellate jurisdiction over the District Court's denial of the motion for reconsideration. They argue that a remand order is distinct from a motion to reconsider a remand order, and that our review of the latter is not barred by § 1447(d).

The plaintiffs respond that our review of the denial of the motion to reconsider the remand order would serve to circumvent the jurisdiction-stripping function of § 1447(d). That is, if we do not have jurisdiction to review a remand order itself, we cannot have jurisdiction to review a motion to reconsider a remand order. The Lycoming defendants'

5

valiant effort to escape this rather self-evident principle relies upon their observation that "in certain circumstances," "an appellate court . . . may reach the merits of an unreviewable remand order." Brief of Lycoming Defendants in Opposition to Motion to Dismiss Appeal ("Defs. Br.") 8. Culling several cases wherein a remand order was held subject to appellate review, the Lycoming defendants maintain that "the existence of a severable or separable order on the merits of a collateral issue, as opposed to an order on subject matter jurisdiction, is appealable notwithstanding 28 U.S.C. § 1447(c), and federal appellate courts have jurisdiction to review the order despite the fact that a case has been remanded to state court." Id. at 9. According to the Lycoming defendants, the motion to reconsider a remand order is just such a "collateral issue" over which we retain jurisdiction.

We have indeed held in other contexts that federal courts may exercise jurisdiction over certain collateral issues even after a case has been remanded to state court. For example, in Mints v. Education Testing Services, 99 F.3d 1253 (3d Cir. 1996), we held that a district court had jurisdiction to grant attorneys' fees associated with a motion to remand a matter to state court even after the district court had remanded the case to state court. In Mints, we cited to Cooter & Gell v. Hartmarx Corporation, 496 U.S. 384 (1990), wherein the Supreme Court determined that even after a plaintiff voluntarily dismissed an action, a district court could impose sanctions pursuant to Federal Rule of Civil Procedure 11. Mints, 99 F.3d at 1258. Although "recogniz[ing] that Cooter & Gell is distinguishable because it did not implicate the special jurisdictional problems presented when a case is remanded to a state court," we nevertheless held that the award of attorneys' fees — like the imposition of sanctions,

6

or the award of costs — "is collateral to the decision to remand and cannot affect the proceedings in the state court." Id.

Thus, our precedent establishes that federal courts may decide "collateral" issues after remand because such issues by definition "cannot affect" the progress of a case once it has been returned to state court. This accords with the Cooter & Gell Court's characterization of collateral issues as those for which "determination[s] may be made after the principal suit has been terminated." See Cooter & Gell, 496 U.S. at 396 (identifying motions for costs or attorneys' fees and motions to impose contempt sanctions as "collateral").

We hold that a motion to reconsider a remand order is not such a collateral issue. To begin with, we explicitly noted in Mints that a motion to reconsider a remand order is distinct from a motion for attorneys' fees, as far as the application of § 1447(d) is concerned:

> While there is no doubt that under Hunt v. Acromed Corp., . . . , the district court should not have reconsidered the order of remand after the clerk of the district court sent the certified copy of the order to the clerk of the Superior Court, the principles underlying our opinion in that case are not applicable with respect to the . . . application [for attorneys' fees].

Mints, 99 F.3d at 1257.

This interpretation of the collateral-issues exception is reinforced by the Supreme Court's holding in City of Waco v. United States Fidelity and Guaranty Co., 293 U.S. 140

7

(1934).  There, the Supreme Court held that the Court of Appeals retained jurisdiction to review an order by a district court to dismiss a party, even though the district court then remanded the case to state court because the party's dismissal resulted in a lack of diversity jurisdiction.  Id. at 143.  The Lycoming defendants cite the Waco Court's ruling as supportive of their position that this Court may entertain a post-remand challenge to a district court's order.  However, in our view, the Supreme Court's decision in Waco underscores that once a case has been remanded for lack of subject-matter jurisdiction, that remand order cannot be undone.  Significantly, the Waco Court explained that the appellate court's "reversal [could] not affect the order of remand, but [would] at least, if the dismissal of the petitioner's complaint was erroneous, remit the entire controversy, with the [dismissed company] still a party, to the state court for such further proceedings as may be in accordance with law."  Id. at 143-44.  The same cannot be said of the case before us now, as reversal of the District Court's reconsideration order would necessarily affect the District Court's decision to remand the case to state court.  Indeed, returning this matter to federal court from state court is precisely what the motion for reconsideration sought to do, and it is what the Lycoming defendants seek on appeal as well.

The interpretation of Waco by other Courts of Appeals reinforces the distinction between the limited exception to § 1447(d) and the rule the Lycoming defendants ask us to adopt in the instant case.  In particular, the Court of Appeals for the Fourth Circuit concluded that implementing the so-called Waco exception requires:  (1) that the "purportedly reviewable order . . . have a conclusive effect upon the parties' substantive rights," including "a preclusive effect

8

upon the parties in subsequent proceedings"; and (2) that the reviewable decision is "able to be disaggregated from the remand order itself." Palmer v. City Nat'l Bank of West Va., 498 F.3d 236, 240-41 (4th Cir. 2007) (quotation marks omitted). Accordingly, the Palmer court held that it had jurisdiction to review dismissal of federal defendants who "were not subject to the remand order," id. at 243, because they had ceased to be parties in the case. The Palmer court noted the critical fact that, "[w]ere we to reverse the dismissal of the federal defendants, the remand order would not be subverted." Id. at 244 (quotation marks omitted).

In the instant case, it is impossible to disaggregate the order denying reconsideration from the remand order itself, despite the Lycoming defendants' insistence that the two orders are distinct and therefore permit application of the Waco exception as applied in Palmer. The Lycoming defendants are correct that the District Court's denial of the reconsideration motion "will have the preclusive effect of being functionally unreviewable in state court." Defs. Br. 9. But that is not the standard that this Court or the Palmer court — or, it appears, any Court of Appeals — applies when determining whether or not review of an order issued in a remanded case is permitted. As with the motion for reconsideration filed before the District Court, the very purpose of this appeal is to subvert the remand order by convincing this Court that diversity jurisdiction does, indeed, exist. Therefore, even if we were to adopt the procedure of the Fourth Circuit Court of Appeals for applying the Waco exception, we would find that the instant case fails the Palmer test because reversing the District Court's denial of the motion for reconsideration would subvert the District Court's remand order.

9

We note that the "functionally unreviewable" standard proposed by the Lycoming defendants is confounding because it is the express effect of § 1447(d) to ensure that a remand order based on lack of subject-matter jurisdiction is unreviewable — in state court or elsewhere. Our own jurisprudence on § 1447(d) makes this clear:

> The purpose of the rule is to prevent a party to a state lawsuit from using federal removal provisions and appeals as a tool to introduce substantial delay into a state action. . . . Without § 1447(d), a party to a state action could remove the action to federal court, await remand, request reconsideration of the remand, appeal, request rehearing, and then file a petition for a writ of certiorari, all before being forced to return to state court several years later. . . . To avoid this delay, Congress has fashioned an exception to the general rule of review, and made a district court's initial determination that removal was inappropriate a nonreviewable one.

Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 156-57 (3d Cir. 1998). Accordingly, we hold that we do not have jurisdiction to review an order denying a motion to reconsider a remand order.

III.

Whether or not the District Court itself had jurisdiction to reconsider the remand order depends upon establishing the moment at which jurisdiction was transferred from federal to state court. According to our precedent, the mailing of a certified copy of the remand order to state court is the event that formally transfers jurisdiction from a district court within this Circuit to a state court. Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 225 (3d Cir. 1995) ("The general rule is that a district court loses jurisdiction over a case once it has completed the remand by sending a certified copy of the remand order to state court.").[1] In our view, the text of 28 U.S.C. § 1447(c) establishes that jurisdiction remains with the district court until the jurisdiction-transferring event has occurred: "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).[2] Thus, in this case, the District Court had

---

[1] This Court decided Trans Penn Wax on a petition for writ of mandamus, not as an as-of-right appeal, because the remand order in that case was pursuant to 28 U.S.C. § 1367 — not § 1447(c). Trans Penn Wax, 50 F.3d at 227. In Thermtron Products, Inc. v. Hermansdorfer, the Supreme Court held that § 1447(d) does not bar mandamus review of remand orders grounded in legal authority other than § 1447(c). 423 U.S. 336, 345 (1976); see also James E. Pfander, Collateral Review of Remand Orders: Reasserting the Supervisory Role of the Supreme Court, 159 U. Pa. L. Rev. 493, 495-96 (2011) (discussing the Supreme Court's expansion of as-of-right review through the collateral order doctrine).

[2] This accords with the rule recognized by the Court of Appeals for the Second Circuit as well. Shapiro v. Logistec

11

jurisdiction to deny the defendants' motion for reconsideration because, at the time when the District Court considered the motion for reconsideration, a certified copy of the remand order had not yet been mailed from the District Court Clerk to the state court.

Our holding does not trouble that general rule, which, in addition to being "premised on . . . the language of § 1447(c) and (d)," is also grounded in "the need to establish a determinable jurisdictional event after which the state court can exercise control over the case without fear of further federal interference." Trans Penn Wax, 50 F.3d at 225. Here, that determinable jurisdictional event occurred after the District Court denied the motion to reconsider its remand order and before the Lycoming defendants filed their notice of appeal. Therefore, it was not until the certified copy of the remand order was mailed to state court that the mandate of

_____

USA, Inc., 412 F.3d 307, 312 (2d Cir. 2005) ("Section 1447(c) . . . is not self-executing. . . . This provision creates legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction. . . . Thus, section 1447(d) divests the district court of jurisdiction upon mailing of a remand order based on section 1447(c) grounds to state court." (quotation marks omitted)). But see In re Lowe, 102 F.3d 731, 734 (4th Cir. 1996) ("Subsection 1447(d) provides only that a remand 'order' may not be reviewed; it does not condition reviewability on any other event. Thus, the plain language of subsection (d) indicates that a court may not reconsider its decision to remand, as soon as it formalizes that decision in an 'order.'").

12

§ 1447(c) was fulfilled, triggering § 1447(d). At the moment of mailing — the jurisdictional event — the remand order became unreviewable "on appeal or otherwise." A district court that seeks to preserve the ability to reconsider remand orders issued under § 1447(c), in order to guard against the occasional error in assessing subject-matter jurisdiction, may wish to bear in mind that jurisdiction is not transferred until the Clerk mails a copy of the certified remand order to state court. Once mailed, the order may not be reconsidered.

## IV.

The plaintiffs request, finally, that we award them costs and counsel fees for responding to what they claim is a baseless appeal. Because, until now, this Court had not conclusively settled the question of whether appellate review of a motion to reconsider a remand order is permissible, we hold that the appeal was not "utterly without basis in law or in fact" and, accordingly, an award of damages and costs pursuant to Federal Rule of Appellate Procedure 38 is unwarranted. Quiroga v. Hasbro, Inc., 943 F.2d 346, 347 (3d Cir. 1991). Moreover, Rule 38 permits the award of "just damages and single or double costs to the appellee" "after a separately filed motion" has been made. Fed. R. App. P. 38. The plaintiffs failed to file such a motion. For these reasons, we will deny the award of fees and any damages to the plaintiffs under Rule 38. However, we will order that costs be taxed against the Lycoming defendants, pursuant to Federal Rule of Appellate Procedure 39(a)(1).

## V.

For the foregoing reasons, we will grant the plaintiffs' motion to dismiss this appeal. We will deny the request for

13

attorneys' fees, costs, and damages pursuant to Rule 38, and will order that costs be taxed against the Lycoming defendants pursuant to Rule 39(a)(1).