**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2962
_____

MAHNAZ FARZAN

v.

REZA FARZAN,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-04421)
District Judge: Honorable Freda L. Wolfson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2018

Before: GREENAWAY, Jr., BIBAS, and ROTH, Circuit Judges

(Opinion filed February 15, 2019)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In June 2017, pro se litigant Reza Farzan removed certain family-law proceedings, in which he is the defendant, from New Jersey state court to the District Court.[1] On July 18, 2017, the District Court, concluding that it lacked subject matter jurisdiction over those proceedings, entered an order remanding the case back to New Jersey state court. On August 1, 2017, Farzan moved the District Court to reconsider its decision. The District Court denied that motion on August 3, 2017, and this appeal followed.[2]

When, as here, a district court remands a case to state court on jurisdictional grounds, we generally lack jurisdiction to review that decision, see 28 U.S.C. § 1447(d); Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995), and the district court's related decision denying reconsideration, see Agostini v. Piper Aircraft Corp., 729 F.3d 350, 355 (3d Cir. 2013). Although we do have jurisdiction to review the limited question of whether removal in this case was warranted under either 28 U.S.C. § 1442 or § 1443(1), see 28 U.S.C. § 1447(d), we answer that question in the negative.[3] Section 1442 applies to lawsuits brought against federal officers or agencies, see 28 U.S.C.

---

[1] It appears that these proceedings began several years ago, and revolve around Farzan's obligation to pay child support.

[2] Although Farzan did not file his notice of appeal until two days after the original appeal deadline, that notice is nevertheless timely because the District Court subsequently granted his motion to extend the appeal deadline pursuant to Federal Rule of Appellate Procedure 4(a)(5).

[3] Farzan did not purport to rely on § 1443(2), which confers a privilege of removal only upon state officers and "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood v. Peacock, 384 U.S. 808, 824 & n.22 (1966).

§ 1442, while § 1443(1) applies only in the rare case when the defendant seeking removal is being deprived of "specific civil rights stated in terms of racial equality" and cannot enforce those rights in state court. Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see 28 U.S.C. § 1443(1). Because those situations are not present here, we find no error in the District Court's decision to remand.[4]

In light of the above, we will dismiss this appeal in part, and to the extent that we have jurisdiction, we will affirm the District Court's July 18, 2017 and August 3, 2017 orders. Farzan's "Expedited Motion to Request for Injunction," submitted on July 14, 2018, is denied.

---

[4] To the extent that Farzan sought to use his notice of removal as a vehicle to seek review of, and redress from, decisions that the New Jersey state courts had made against him in this case, the Rooker-Feldman doctrine barred him from doing so. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that this doctrine bars a federal district court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Nor was a notice of removal a proper vehicle to the extent that Farzan might be seeking to proceed as a plaintiff in a freestanding action against his ex-wife, her attorney, and/or various state and federal entities. We take no position on whether Farzan could prevail in such an action.