**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3800
_____

WILLIAM H. CLAUS, IV

v.

GEORGE K. TRAMMELL, III;
STEPHANIE PARKER,

                              Appellants

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1:18-cv-01125)
District Judge: Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 17, 2019
Before:  MCKEE, COWEN, and RENDELL, Circuit Judges

(Opinion filed: July 12, 2019)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellants George K. Trammell III and Stephanie Parker appeal the District Court's remand of their state court ejectment action.[1] For the reasons that follow, we will affirm the District Court's judgment to the extent of our jurisdiction and dismiss this appeal in all other respects.

In June 2018, appellee filed a complaint for ejectment from a property against appellants in the Delaware Superior Court for Sussex County. Soon after, appellants removed the ejectment action to federal court. On appellee's motion, the District Court remanded the matter back to state court because it concluded that it lacked subject matter jurisdiction over appellants' case. Appellants sought reconsideration, which was denied. Appellants then filed this appeal while state court proceedings resumed.

Our jurisdiction in reviewing a remand order is limited. As relevant here, 28 U.S.C. § 1447(d) provides that

> [a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section . . . 1443 of this title shall be reviewable by appeal or otherwise.

We thus have jurisdiction to review the District Court's remand order only to the extent that appellants maintain that removal was proper under § 1443. See Davis v. Glanton,

---

[1] Appellants have also filed a number of motions for "judicial notice" which make substantive arguments about the merits of the underlying state court action, as well as motions for a restraining order and for leave to file an additional supplemental appendix.

2

107 F.3d 1044, 1047 (3d Cir. 1997). To the extent that appellants challenge the District Court's remand order with respect to any other basis for removal, or the District Court's related reconsideration decision, we will dismiss this appeal for lack of jurisdiction. See id.; see also Agostini v. Piper Aircraft Corp., 729 F.3d 350, 355-56 (3d Cir. 2013).

Removal under § 1443(1) is appropriate when a state court defendant "is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'" and cannot enforce those rights in state court.[2] See Davis, 107 F.3d at 1047. Although appellants repeatedly claim to have been somehow subjected to racial discrimination in state court in their filings, they appear to have removed the underlying ejectment action primarily because they disagree with the state court's unfavorable decisions in the removed case and related cases about the underlying property.[3] Appellants have not identified any Delaware law that would preclude them from vindicating their federal rights or otherwise shown that the Delaware courts could not enforce those rights. See

---

[2] Appellants do not argue that removal could have been proper under 28 U.S.C. § 1443(2) and, in any case, that provision is inapplicable here. See 28 U.S.C. § 1443(2) (permitting removal where a civil action has been initiated against a defendant "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.").

[3] To the extent that appellants filed a notice of removal in an attempt to seek review of decisions that the Delaware state courts have made regarding the underlying property at issue, we note that the Rooker-Feldman doctrine bars such action in any event. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that the Rooker-Feldman doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

<u>Johnson v. Mississippi</u>, 421 U.S. 213, 219-22 (1975).

Further, the federal rights invoked in appellants' filings under 42 U.S.C. §§ 1983 and 1985 do not specifically provide for racial equality, as required by § 1443(1), but rather provide for rights generally applicable to all persons. <u>See, e.g.</u>, <u>State of Georgia v. Rachel</u>, 384 U.S. 780, 792-93 (1966) (contrasting laws specifically targeting racial equality, such as the Civil Rights Act of 1964, with those that confer equal rights to all, such as 42 U.S.C. § 1983 and the due process clause, for purposes of removal under § 1443). Accordingly, the District Court did not err in remanding appellants' case, and we will affirm the District Court's judgment to the extent of our jurisdiction[4]

---

[4] Additionally, we deny all of appellants' pending motions.