**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 19-2841
_____

WILMINGTON SAVINGS FUND SOCIETY,
FSB dba Christiana Trust not individually
but as trustee for Premium Mortgage Acquisition
Trust

v.

TERESA VELARDI,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-18-cv-02209)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 7, 2019

Before:  MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 6, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Teresa Velardi appeals the decision of the District Court to remand this state ejectment action. For the reasons that follow, we will summarily affirm the order of the District Court to the extent of our jurisdiction, see 3d Cir. LAR 27.4 and I.O.P. 10.6., and dismiss this appeal in all other respects.

Wilmington Savings Fund Society ("WSFS") filed an action in state court over a dispute with Velardi regarding the fee simple ownership of real property located in Clarks Summit, Pennsylvania, following a foreclosure sale. Velardi removed the action to the District Court, citing Public Law 39-26, a predecessor to 28 U.S.C. § 1443 that allowed for removal "for any cause whatsoever" related to violations of the Civil Rights Act of 1866. See Notice of Removal 1, ECF No. 1; see also Act to Protect All Persons in the United States in Their Civil Rights, and Furnish the Means of Their Vindication, Pub L. No. 39-26, 14 Stat. 27 (1866). On WSFS's timely motion, and upon adopting the report and recommendation of a Magistrate Judge, the District Court remanded the matter to state court because Velardi did not state proper grounds for removal under 28 U.S.C. § 1443 and because the District Court lacked subject matter jurisdiction over the case.

This Court's jurisdiction over district court orders remanding removed cases to state court is constrained by 28 U.S.C. § 1447(d), which states that an order remanding a case to the state court from which it was removed is generally not reviewable on appeal. However, § 1447(d) allows for appellate review of cases that were properly removed pursuant to 28 U.S.C. § 1443. As such, we have jurisdiction to review the remand order to the extent Velardi asserted that removal was proper under § 1443, see Davis v.

2

Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997), and our review of that legal issue is plenary, see Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000).[1] To the extent that Velardi challenges the District Court's remand order with respect to any other basis for removal, we will dismiss this appeal for lack of jurisdiction. See Davis, 107 F.3d at 1047; see also Agostini v. Piper Aircraft Corp., 729 F.3d 350, 355-56 (3d Cir. 2013).

Removal under § 1443(1) is appropriate when a state court defendant "is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'" and cannot enforce those rights in state court. Davis, 107 F.3d at 1047. Velardi asserted that this case involves an invasion upon her civil rights. See Notice of Removal 2, ECF No. 2. However, Velardi's claim to a right to retain a fee simple in her real property is not a right guaranteed by a federal law providing for equal civil rights. See Rachel, 384 U.S. at 792 (construing "equal civil rights" to mean federal laws that specifically guarantee racial equality). Nor did Velardi show that she was denied or cannot enforce her rights in state court.[2] Likewise, § 1443(2) is inapplicable here. See 28 U.S.C. § 1443(2) (permitting

---

[1] We agree with the District Court that Velardi sought removal under § 1443 although she did not name § 1443 in her notice of removal and stated that removal was "effected only under Public Law 39-26 and not pursuant to 28 U.S.C. § 1441 or any other section of Title 28." See Brief 3, ECF No. 4 (emphasis omitted); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (noting the obligation to construe pro se filings liberally). As the District Court recounted in its thorough history of the relevant law, Public Law 39-26 became what is now 28 U.S.C. § 1443. See Georgia v. Rachel, 384 U.S. 780, 786 (1966) (observing that "[t]he present statute is a direct descendant of a provision enacted as part of the Civil Rights Act of 1866").
[2] Velardi claimed that "the state court itself and its employees are involved in the intentional violations of Velardi's inalienable rights under Article V and the 14th Amendment." Brief 7, ECF No. 4. However, this bald accusation is not enough to warrant removal under § 1443(1). Velardi has not identified any Pennsylvania law that would preclude her from vindicating her rights or otherwise shown that she could not

3

removal where a civil action has been initiated against a defendant "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law"). Accordingly, the District Court did not err in remanding Velardi's case over her claim that it should be removed under § 1443, and we will affirm the District Court's judgment to the extent of our jurisdiction.

---

enforce those rights in the Pennsylvania courts. See Johnson v. Mississippi, 421 U.S. 213, 219-22 (1975).