RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0037p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

─────────────

THE BANK OF NEW YORK MELLON,

                    *Plaintiff-Appellee*,

    *v.*

GREG T. ACKERMAN; JOYCE ACKERMAN,

                    *Defendants-Appellants*.

No. 19-4066

─────────────

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 3:19-cv-00053—Thomas M. Rose, District Judge.

Decided and Filed: February 6, 2020

Before: COOK and THAPAR, Circuit Judges; HOOD, District Judge.[*]

─────────────

**OPINION**

─────────────

PER CURIAM. More than a decade ago, the Bank of New York began foreclosure proceedings against Greg and Joyce Ackerman. In 2010, an Ohio court entered judgment in the Bank's favor. Yet since that time, the Ackermans have sought to thwart the foreclosure sale.

Early last year, the Ackermans tried to remove their case to federal court. But the district court concluded that it lacked jurisdiction and thus remanded their case back to state court. The Ackermans appealed. Our court dismissed their appeal for lack of jurisdiction. *See* 28 U.S.C. § 1447(d); *Bank of N.Y. Mellon v. Ackerman*, No. 19-3379, 2019 WL 3335006, at *1 (6th Cir. June 21, 2019).

─────────────

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Later, the Ackermans moved the district court to reconsider its remand order.  But the district court denied their motion, reasoning that it lacked jurisdiction to reconsider its order.  Again, the Ackermans appeal.  And again, we dismiss their appeal for lack of jurisdiction.

Other circuits have construed § 1447(d) as precluding further reconsideration or review of a district court's order remanding a case back to state court.  *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 & n.1 (6th Cir. 1999) (collecting cases).  These decisions have reasoned that a remand divests the district court of any further jurisdiction over the case.  *See, e.g.*, *In re La Providencia Dev. Corp.*, 406 F.2d 251, 253 (1st Cir. 1969) ("The district court has one shot, right or wrong.").  Our circuit has yet to squarely resolve the issue, but the case law strongly suggests that the district court correctly held that it lacked jurisdiction.  *See Gibson v. Am. Mining Ins. Co.*, Civil Action No. 08-118-ART, 2008 WL 4858396, at *1 (E.D. Ky. Nov. 7, 2008) (collecting cases); *see also Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015) (noting the ordinary transfer rule that "[j]urisdiction follows the file . . . meaning that the one court loses jurisdiction and the other court gains it when a case file physically moves between courts" (cleaned up)).

In any event, our court lacks appellate jurisdiction to review an order denying a motion to reconsider a remand order.  *See Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 352–55 (3d Cir. 2013); *cf. Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 98–99 (1st Cir. 2001) (per curiam).  To hold otherwise would "circumvent the jurisdiction-stripping function of § 1447(d)." *Agostini*, 729 F.3d at 352.  While § 1447(d) carves out two exceptions to its general rule (for removal under § 1442 or § 1443), those exceptions have no bearing here.  And because we lack appellate jurisdiction, we dismiss the Ackermans' various other motions for relief.  *See, e.g.*, *In re Champion*, 895 F.2d 490, 492 (8th Cir. 1990) (per curiam); *Emp'rs Ins. of Wausau v. Shell Oil Co.*, 820 F.2d 898, 899 (7th Cir. 1987).

We dismiss the appeal.