**CLD-124 (***AMENDED)**                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1043
_____

HUDSON CITY SAVINGS BANK

v.

ANITA BARROW; MR. BARROW, Husband of Anita Barrow

Anita Barrow,
　　　　　　　Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2-16-cv-04190)
District Judge:  Honorable Kevin McNulty

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2020

Before: JORDAN, KRAUSE and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 1, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Anita Barrow appeals the District Court's order denying her request for injunctive relief. We will dismiss the appeal for lack of jurisdiction.

Barrow was the defendant in a foreclosure action that Hudson City Savings Bank filed in New Jersey state court. Barrow removed the action to the District of New Jersey, and the District Court remanded it back to state court for lack of federal subject-matter jurisdiction. See ECF No. 22. Barrow appealed, and we dismissed the appeal for lack of jurisdiction pursuant to 28 U.S.C. § 1447(d). See C.A. No. 17-1652.

The case proceeded in state court. Barrow filed a "contesting answer and counterclaims," in which she asserted counterclaims under the Truth in Lending Act, the Fair Debt Collection Practices Act, 42 U.S.C. § 1983, and the Fair Housing Act. See ECF No. 41-1 at 10–15. Hudson filed a motion to dismiss the counterclaims, which the court granted. See id. at 100–03. In February 2018, the court entered judgment in Hudson's favor in the foreclosure action. See id. at 104–08, 111.

Despite the fact that the District Court had remanded the matter and closed the federal case (and that the state court had entered judgment), Barrow continued to file motions in the District Court. On February 22, 2019, she filed a request "for [an] emergent temporary and preliminary injunction," ECF No. 42, in which she asked the Court to block a sheriff's sale of her home that was scheduled for later that day. The District Court denied the request because there was no existing federal case and any

2

possible relief was barred by res judicata or the Rooker-Feldman doctrine. See ECF No. 43. Barrow filed a timely notice of appeal. In her appellate brief, Barrow stated that the sheriff's sale had occurred as scheduled. We therefore dismissed the appeal as moot. See Hudson City Sav. Bank v. Barrow, 782 F. App'x 225 (3d Cir. 2019) (per curiam).

On December 23, 2019, Barrow filed the motion at issue in this appeal, in which she asked the District Court to enjoin her eviction, which was scheduled for January 17, 2020, and to reconsider its refusal to enjoin the sheriff's sale. See ECF No. 49. The District Court denied the motion, see ECF No. 51, and Barrow appealed. She filed a motion asking us to enjoin the eviction, which we denied on January 16, 2020. Both parties have informed us that the eviction has occurred as scheduled. In this Court, Barrow has filed several motions.

We will dismiss the appeal.[1] "Article III extends the Judicial Power of the United States only to 'cases' and 'controversies.'" Unalachtigo Band of Nanticoke Lenni Lenape Nation v. Corzine, 606 F.3d 126, 129 (3d Cir. 2010). This "case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate," Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009); "once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction," Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).

---

[1] Under 28 U.S.C. § 1292(a)(1), a litigant may immediately appeal from an interlocutory order denying an injunction. See Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010).

In the District Court, Barrow sought primarily to enjoin her eviction. See ECF

No. 51 at 2.[2] That eviction has taken place, and there is now no meaningful relief that we

can grant. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996)

("If developments occur during the course of adjudication that . . . prevent a court from

being able to grant the requested relief, the case must be dismissed as moot."); Brill v.

Gen. Indus. Enters., Inc., 234 F.2d 465, 469 (3d Cir. 1956) ("[W]here the act sought to be

restrained has been performed, the appellate courts will deny review on the ground of

mootness."). Barrow also asked the District Court to reconsider its refusal to enjoin the

sheriff's sale. However, as we explained in Barrow's previous appeal, because the sale

has occurred, we cannot grant meaningful relief as to that request, either. See Hudson

City Sav. Bank, 782 F. App'x at 226.

---

[2] In this Court, Barrow has raised a variety of other arguments. However, currently on appeal is only the District Court's order denying Barrow's request for injunctive relief (and denying her request to reconsider the denial of injunctive relief). See ECF No. 49. Moreover, we note that Barrow also occasionally suggests that she seeks reconsideration of the District Court's 2016 order remanding the matter to state court. We previously held that we lacked jurisdiction to review the remand order; "if we do not have jurisdiction to review a remand order itself, we cannot have jurisdiction to review a motion to reconsider a remand order." Agostini v. Piper Aircraft Corp., 729 F.3d 350, 353 (3d Cir. 2013).

4

Accordingly, we will dismiss the appeal.[3]

---

[3] We deny appellant's January 30, 2020 motion to supplement the record as unnecessary; we may consider documents filed in this Court in her prior case and in the District Court without supplementing the record. We grant appellant's February 6, 2020 and March 30, 2020 motions to file medical information under seal; those documents will be sealed for 25 years. See 3d Cir. L.A.R. Misc. 106.1(c). Appellant's several motions for an extension of time to file an amended reply are granted, see 3d Cir. ECF Nos. 38–41, as is her motion requesting that we accept her reply as filed on March 24, 2020, see 3d Cir. ECF No. 43, her motion to resubmit an appendix, see 3d Cir. ECF No. 44, and her motion to serve through the CMECF system, see 3d Cir. ECF No. 46. Appellant's remaining motions are denied.