# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 19-7151**  |  **September Term, 2020**

**1:19-cv-02836-UNA**

**Filed On:** June 1, 2021

Denizen Development, L.L.C.,

      Appellee

    v.

Lori Saxon,

      Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Henderson, Millett, and Wilkins, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and the motion for leave to file an appendix, the motion for leave to amend the reply brief, and the motion to dismiss the appeal as frivolous and award attorney fees and the response thereto, it is

**ORDERED** that the motion for leave to file an appendix be granted. The Clerk is directed to file the lodged appendix. It is

**FURTHER ORDERED** that the motion for leave to amend the reply brief be granted. The Clerk is directed to file the lodged amended reply brief. It is

**FURTHER ORDERED** that the motion to dismiss the appeal as frivolous and award attorney fees be denied. It is

**FURTHER ORDERED AND ADJUDGED** that the appeal be dismissed. Insofar as appellant seeks review of the district court's November 4, 2019 order remanding the

case to the district court, appellant has failed to demonstrate that this court may exercise appellate jurisdiction over that order.  See 28 U.S.C. § 1447(d) (barring appellate review of a district court order remanding a case to a state court, subject to limited exceptions).  This court's order entered April 24, 2020, directed the parties to address whether the district court's remand order was subject to the jurisdictional bar of 28 U.S.C. § 1447(d).  Appellant has failed to directly address Section 1447(d) in her briefs, see United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) (arguments not raised on appeal are forfeited), or to establish that this court may exercise jurisdiction over the remand order.  Insofar as appellant intends, through a brief reference to 28 U.S.C. § 1443, to invoke an exception to the jurisdictional bar for civil rights cases removed pursuant to that statute, appellant did not purport in her notice of removal to remove the case pursuant to 28 U.S.C. § 1443.

Insofar as appellant seeks appellate review of the district court's December 3, 2019 order denying appellant's motion for reconsideration, appellant has not attempted to demonstrate that this court has jurisdiction to review that order.  See Agostini v. Piper Aircraft Corp., 729 F.3d 350, 355 (3d Cir. 2013) (concluding that 28 U.S.C. § 1447(d) bars appellate review of order denying reconsideration of remand order, because "it is impossible to disaggregate the order denying reconsideration from the remand order itself"); United States ex rel. Totten, 380 F.3d at 497(arguments not raised on appeal are forfeited).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk