NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2397
_____

LISA BISSELL

v.

SAGA GLOBAL CAPITAL MANAGEMENT, LLC; RYAN DEAN, individually and
in his official capacity; KEVIN KLASSEN, individually and in his official capacity;
ABC CORPS. 1-5 fictitious entities;  JOHN DOES 1-5 fictitious

RYAN DEAN, individually and in his official capacity,
                                                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-20-cv-07393)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted on Appellee's Motion to Dismiss the Appeal,
for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 24, 2022

Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 11, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ryan Dean, proceeding pro se, appeals from an order of the District Court denying his motion for relief from judgment. For the following reasons, we will grant Appellee Lisa Bissell's motion to dismiss the appeal.

In February 2019, Bissell filed suit in the New Jersey Superior Court against Dean, his business partner, Kevin Klassen, and their hedge fund and investment management company, Saga Global Capital Management, LLC. The complaint alleged various employment discrimination and retaliation claims, as well as claims against Dean for civil assault and intentional infliction of emotional distress.[1] In June 2020, Dean filed a notice of removal of Bissell's civil action to the District Court pursuant to 28 U.S.C. § 1446(b)(3). A Magistrate Judge filed a Report and Recommendation (R&R) recommending that Bissell's motion to remand the matter to the New Jersey Superior Court be granted because the removal motion was filed beyond the 30-day statutory time-limit. See 28 U.S.C. § 1446(b)(1). In an order entered December 7, 2020, the District court adopted the R&R and granted Bissell's motion to remand the matter to the New Jersey Superior Court. See ECF No. 46.

---

[1] In an earlier proceeding in the New Jersey Superior Court under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. § 2C:25-17, Bissell alleged that Dean sexually assaulted her; she obtained a Temporary Restraining Order against him, which was subsequently dismissed. In 2019, Dean filed a complaint in the District Court of New Jersey alleging that the Defendants – Bissell's attorneys in the state action – suborned perjury and fabricated evidence in the state court proceedings. See Dean v. Flannigan, et al., D.N.J. Civ. No. 2-19-cv-18255 ("the Flannigan case"). The District Court dismissed that case and denied a subsequent motion to vacate the dismissal order. Dean's appeal from those orders is docketed at C.A. No. 21-2396.

2

On June 25, 2021, Dean filed a "Motion to Vacatur the Remand Proceeding" pursuant to Fed. R. Civ. P. 60(b) and (d), alleging that the remand order was procured by fraud. Within the motion for relief from judgment, he also moved to consolidate the case with the Flannigan case, and with another action he filed at D.N.J. Civ. No. 2:21-cv-09770. The District Court denied the motions and Dean appealed. Bissell has filed a motion to dismiss the appeal.

### Motion to Proceed In Forma Pauperis

We must first address Dean's motion to proceed in forma pauperis (IFP) on appeal pursuant to 28 U.S.C. § 1915(a). Bissell opposes the motion, noting that the District Court denied Dean's nearly identical motions to proceed IFP on appeal, both in this case and in C.A. No. 21-2396. But the District Court's denials were based on its determination that the cases lacked merit, rather than on the basis of Dean's economic status. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976) (noting that the decision to grant a motion to proceed IFP turns on whether the applicant is "economically eligible" for such status). Because the IFP motion makes clear that Dean cannot afford the fees for this appeal, we grant it.

### Motion to Dismiss the Appeal

The District Court determined that it lacked jurisdiction to consider the Rule 60(b) motion, citing 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ." See Hudson United Bank v. Litenda Mortg. Corp., 142 F.3d 151, 157 (3d Cir. 1998) (recognizing that, through § 1447(d), "Congress has fashioned an exception to the general

3

rule of review, and made a district court's initial determination that removal was inappropriate a nonreviewable one"). The Supreme Court has made clear that "only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). The District Court's remand order here was based on untimely removal, a procedural defect specified in § 1447(c). Therefore, the District Court and this Court lack subject matter jurisdiction to review it. See id. at 128. Dean argues, however, that the District Court nevertheless had authority to vacate the remand order because it was procured by fraud.

For support, Dean relies on Barlow v. Colgate Palmolive Co., 772 F.3d 1001, 1010 (4th Cir. 2014), in which the Court held that it had jurisdiction to grant a Rule 60(b)(3) motion which alleged that remand orders were procured through attorney misconduct. The Fourth Circuit emphasized that § 1447(d) precludes "reviewing" an order, not "vacating" an order, as Rule 60(b)(3) provides. Id. at 1010. It emphasized that the motion was based on a "collateral consideration" which did not require it to review the merits of the remand order. Dean argues that, as was the case in Barlow, he seeks review of the manner in which the remand order was procured, rather than a review of its merits. Bissell argues that the appeal should be dismissed because this Court, like the District Court, lacks jurisdiction pursuant to § 1447(d).

Not all courts agree with the Fourth Circuit that § 1447(d) does not preclude a court from granting Rule 60(b) relief. See id. at 1011 & n.9 (citing cases). We have recognized that federal courts retain jurisdiction to consider collateral issues, such as attorneys' fees or Rule 11 sanctions, after a case has been remanded to state court.

4

Agostini v. Piper Aircraft Corp., 729 F.3d 350, 353 (3d Cir. 2013). In that case, we held that the district court lacked jurisdiction to consider a motion for reconsideration of a remand order because "it is impossible to disaggregate the order denying reconsideration from the remand order itself." Id. at 354 (noting that "reversing the District Court's denial of the motion for reconsideration would subvert the District Court's remand order"). We need not decide here whether the District Court had the authority to vacate the remand order because Dean's motion does not in fact allege fraud in the procurement of the December 7, 2020 order.

Dean's allegations of fraud relate to actions taken by "Bissell et al." in the state court proceedings, and, in particular, in the Flannigan case. Indeed, Dean alleges that Bissell and her attorneys have perpetrated a "Systematic Scheme to Defraud" throughout the state and federal courts, beginning "before any court proceedings were under way, and anything that followed the initial scheme falls under Furtherance of Crime and the Crime Fraud Exception." ECF No. 49-1 at 3. Although he purports to allege fraud "during the removal/remand process," including claims of a "secret witness" and "concealed discovery" on a "void state subpoena," Dean's allegations in no way challenge the manner in which the remand order was obtained, which was on the procedural ground of untimeliness. See id. at 5; ECF No. 53 at 1-5. Instead, the bulk of his pleadings seek to undermine the primary basis for dismissal in the Flannigan case – litigation privilege – and to provide "new evidence" of a basis for removal. As a result, the Rule 60(b) motion is best construed as a motion for reconsideration, which the District Court properly determined it lacked jurisdiction to consider. See Agostini, 729

5

F.3d at 353; <u>see also</u> <u>Smith v. Evans</u>, 853 F.2d 155, 158 (3d Cir. 1988) (noting that it is the function of the motion, not its label, that controls), <u>overruled on other grounds by</u> <u>Lizardo v. United States</u>, 619 F.3d 273, 276-77 (3d Cir. 2010). We also agree with the District Court that there was no basis for consolidating the cases.[2]

Based on the foregoing, we will grant Bissell's motion to dismiss.

---

[2] To the extent that Dean seeks a writ of mandamus, such relief is also precluded by § 1447(d). <u>See</u> <u>Thermtron Prods., Inc. v. Hermansdorfer</u>, 423 U.S. 336, 343 (1976) (recognizing that § 1447(d) bars review of a remand order "by appeal or by extraordinary writ"), <u>abrogated on other grounds by</u> <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 714-15 (1996).