**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 23-3262

_____

In re: KEITH P. SEQUEIRA and HELEN D. SEQUEIRA,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3:21-cv-20618)

_____

Submitted Pursuant to Fed. R. App. P. 21
February 8, 2024

Before:  BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>.

(Opinion filed: March 4, 2024)

_____

OPINION*

_____

PER CURIAM

Metropolitan Life Insurance Company (MetLife) filed a residential foreclosure

action in the Superior Court of New Jersey against Keith and Helen Sequeira. After the

Sequeiras removed the foreclosure action, the District Court granted MetLife's motion to

remand, concluding that subject-matter jurisdiction was lacking. Concomitant with the

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

remand ruling was an entry on the federal docket indicating that the Clerk of the District Court mailed a certified copy of the remand order to the state court.

Over one month post-remand, the Sequeiras filed a motion to extend the time to appeal the District Court's order, under Fed. R. App. P. 4(a)(5). The District Court entered an order denying that motion, and we dismissed for lack of jurisdiction the Sequeiras' appeal therefrom. See Metropolitan Life Ins. Co. v. Keith Sequeira, et al. v. Washington Mut. Bank, et al., C.A. No. 23-1324, Doc. 14 (3d Cir. July 27, 2023) (order).

The Sequeiras have now filed a petition for a writ of mandamus. They argue that there is no evidence the state court ever received the certified copy of the District Court's remand order, which, they contend, means jurisdiction was never effectively divested from the District Court and returned to the state court. Cf. 28 U.S.C. § 1447(c) ("A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."). The Sequeiras primarily request an order from this Court directing the District Court to ask the state court: "Did you receive a certified copy of the Remand Order? and, if so, when?" Pet. at 9.[1]

The Sequeiras made the same jurisdictional argument when they were last in this Court. In support of their argument then, they disputed the state court judge's statement on the record that he had received via email a certified copy of the remand order. See, e.g., Metropolitan Life Ins. Co., C.A. No. 23-1324 at Doc. 9, p. 9. The Sequeiras also supported their argument with a copy of the state court docket, which did not contain an

---

[1] The Sequeiras also request that their foreclosure action be "remanded" from the District Court to the United States District Court for the District of Columbia.

2

administrative entry confirming the state court clerk's receipt of the remand order, but which did contain a May 23, 2022 entry indicating that one of the parties had filed a certification related to remand.[2]

Mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (citation and internal quotations omitted).

A corollary to the "no other adequate means" prong of the mandamus standard is that mandamus proceedings must not be used as an appeal substitute or do-over, the Sequeiras' possible strategy here. See Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943); see also Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992) ("Of course, we will not hold that Fortunato now lacks adequate alternative means to obtain the relief he seeks simply because he allowed the time for an appeal to expire."). In any event, the Sequeiras have failed to clearly establish § 1447(c) error—let alone a right to relief connected to such an error—as their allegations run counter to the statement on the District Court's docket that a certified copy of the remand order was sent. See DC ECF No. 28; see also Agostini v. Piper Aircraft Corp., 729 F.3d 350, 355 (3d Cir. 2013) ("According to our precedent, the mailing of a certified copy of the remand order to state court is the event that

---

[2] We take judicial notice of the fact that the certification filing attached a copy of the District Court's remand order.

3

formally transfers jurisdiction from a district court within this Circuit to a state court.").[3] Furthermore, it is also a rule in mandamus cases that the writ "must be 'in aid of' *our* jurisdiction," <u>Westinghouse Elec. Corp. v. Republic of Philippines</u>, 951 F.2d 1414, 1422 (3d Cir. 1991) (citation omitted), a trait that is conspicuously absent from a request that a federal appellate court direct a federal district court in a closed case to correspond with a state court.

The Sequeiras' right to relief being neither "clear" nor "indisputable," they have failed to satisfy the standard for mandamus relief and their petition will, as a result, be denied.

---

[3] None of the district court cases relied on by the Sequeiras provides solid support for their position, even if those cases were binding on this Court (which they are not).