**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2614
_____

ISAAC USOROH,


v.

TODD ELLIOTT KOGER, SR.; TODD ELLIOTT KOGER, JR.


TODD ELLIOTT KOGER, SR.,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-01823)
District Judge:  Honorable William S. Stickman, IV

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2024

Before:  RESTREPO, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: January 7, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Todd Elliott Koger, Sr., proceeding pro se, appeals the District Court's order denying his post-remand motions. We will affirm the District Court's judgment.

Isaac Usoroh initiated an ejectment action against Todd Koger, Sr., and Todd Koger, Jr. Todd Koger, Sr., ("Appellant") filed a notice of removal in the United States District Court for the Western District of Pennsylvania, and he asserted that the District Court had diversity jurisdiction over the matter. The District Court remanded the case to the Allegheny County Court of Common Pleas. This Court dismissed Appellant's appeals from the remand order.[1]

The next year, Appellant and Elliott-Todd Parker Koger moved to proceed in forma pauperis and filed a "motion to reopen case and/or filing of new complaint with IFP request." The motions contained 1) a federal civil complaint against Usoroh and other defendants; 2) an "application for request for IFP status," and 3) a "request for appointment of counsel." The complaint's civil cover sheet indicated that the Kogers brought an "Original Proceeding" arising under, inter alia, federal civil rights statutes, the bankruptcy code, and the Racketeer Influenced and Corrupt Organizations Act. The Kogers alleged, for instance, that the defendants violated due process, violated the Fair Housing Act, and participated in a conspiracy that included fraudulently transferring property. The District Court denied the motions, reasoning that it could not reopen the case because it had lost jurisdiction. Appellant moved for reconsideration, which the

---

[1] See Usorph v. Koger, Sr., et al., C.A. No. 23-1029; Usoroh v. Koger, Sr., et al., C.A. No. 23-1632.

court denied. Appellant filed a notice of appeal.[2] We have jurisdiction under 28 U.S.C. § 1291. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (explaining that most post-judgment orders are final decisions if the district court has completely disposed of the matter).[3]

Because Appellant is proceeding pro se, we liberally construe his pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972). But pro se litigants still must "abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). To present an issue to the Court for review, a litigant's opening brief must include, among other things, a statement of the issues, the legal argument explaining why the district court decided the issues incorrectly, and the facts and legal authorities supporting that argument. See Fed. R. App. P. 28. Thus, an appellant's failure to raise an issue in his opening brief, even when proceeding pro se, renders it forfeited. See Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002). Here, Appellant's brief does not address the District Court's reasoning at all, much less explain why its disposition was erroneous. Rather, the brief reads as a lengthy complaint that challenges a sheriff's sale and related court decisions. As a result, any issues on appeal

---

[2] We liberally construe Appellant's submissions as challenging the denial of the motion to proceed in forma pauperis, the order denying the motion to reopen the case, and the denial of the motion for reconsideration. See Powell v. Symons, 680 F.3d 301, 306 n.2 (3d Cir. 2012).

[3] We recognize that ordinarily, the Court lacks jurisdiction over non-collateral orders issued after a remand for lack of subject matter jurisdiction. See Agostini v. Piper Aircraft Corp., 729 F.3d 350, 353-54 (3d Cir. 2013). But the Kogers' "motion to reopen" is best viewed as the filing of a new federal civil complaint. See Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (explaining that we judge a pleading on its substance, rather than its form or label).

3

are forfeited.  <u>See</u> <u>Higgins v. Bayada Home Health Care Inc.</u>, 62 F.4th 755, 763 (3d Cir. 2023).

Accordingly, we will affirm the District Court's order.  Appellant's motions to supplement the record are denied.  To the extent Appellant seeks other relief on appeal, it is denied.